IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gerald Lancaster, | ) | CIVIL ACTION NO.: 3:09-1989-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| Investigator Felicia A. Williams; and the | ) | |
| City of Columbia, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant City of Columbia's motion for summary

judgment. Plaintiff has responded in opposition, and Defendant City of Columbia ("City") has

replied. For the reasons stated below, Defendant City's motion for summary judgment is granted

and this case is dismissed with prejudice as to Defendant City. Additionally, this matter is

dismissed without prejudice as to Defendant Felicia A. Williams ("Williams") for Plaintiff's failure

to serve pursuant to Federal Rule of Civil Procedure 4(m).

**I.  SUMMARY JUDGMENT**

**A.  STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c). It is well established that summary judgment should be granted "only when it is clear that

there is no dispute concerning either the facts of the controversy or the inferences to be drawn from

those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material"

facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

### B. FACTS

The facts in the light most favorable to Plaintiff are as follows. On February 27, 2006, Jane Doe[1] ("Doe") reported to law enforcement officials that she had been the victim of unwanted sexual conduct over a period of two years by her adopted father, who is Plaintiff in this matter. On February 28, 2006, Felicia A. Williams ("Williams"), an investigator with the City of Columbia Police Department, interviewed Doe regarding her allegations. Doe provided sworn statements that over a two (2) year period from 2003 to late 2005, Plaintiff forced her to have sexual intercourse with him three (3) to four (4) times per week. Doe reported that during the course of this alleged abuse, she became pregnant at the end of 2004, and that she and Plaintiff traveled to another state to terminate the pregnancy in May 2005.

Williams gathered medical records from two facilities which treated Doe in connection with the pregnancy. Williams also spoke with several members of Doe's family and had at least two (2) follow-up meetings with Doe. Based on Doe's statements and the medical records, Williams appeared before a City of Columbia Ministerial Recorder on July 28, 2006, and "made full disclosure of the facts related to this matter." Aff. of Felicia A. Williams ("Williams Aff.") at ¶ 25 (Dkt. #23-6, filed Apr. 26, 2010). The Ministerial Recorder found probable cause and issued an

---

[1]The complaining witness is referred to by the court as "Jane Doe."

arrest warrant for Plaintiff for criminal sexual conduct, third degree. Thereafter, on October 19, 2006, a Richland County grand jury true billed an indictment charging Plaintiff with criminal sexual conduct, third degree. On January 9, 2009, the charge was nolle prossed for "insufficient evidence at this time." Exhibit H to Dft's Memo. in Supp. of Summ. J. (Dkt. # 23-9 at 2, filed Apr. 26, 2010).

Plaintiff brought this civil action on July 28, 2009, asserting seven (7) causes of action against Defendant City and Williams. Williams was never served with a summons and complaint this matter, and has never made an appearance. Plaintiff has not provided cause, good or otherwise, why there has been no service on Williams. Therefore, pursuant to Federal Rule of Civil Procedure 4(m), this matter is **dismissed without prejudice** as to Defendant Felicia A. Williams. Accordingly, the only remaining Defendant in this matter is Defendant City of Columbia.

## II. FEDERAL CLAIMS

The complaint seeks to assert federal claims related to alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights, and alleged violations of his "Due Process rights." *See* Compl. at ¶¶ 14, 23 (Dkt. # 1, filed July 28, 2009). Plaintiff asserts that an arrest warrant was issued and he was prosecuted without probable cause. The only potentially viable federal claims are those in Plaintiff's First and Fourth causes of action which pertain to Plaintiff's Fourth Amendment rights. "The Framers considered the matter of pretrial deprivations of liberty, and drafted the Fourth Amendment to address it." *Albright v. Oliver*, 510 U.S. 266, 274 (1994). *See also Gerstein v. Pugh*, 420 U.S. 103 (1975) (Fourth Amendment is constitutional provision to use when evaluating questions of probable cause for arrest and detention). Therefore, to the extent asserted, the court

**grants** Defendant's motion for summary judgment on federal claims in the First and Fourth causes of action other than claims arising under the Fourth Amendment.

### A. FOURTH AMENDMENT CLAIM

Plaintiff's first cause of action contends that Defendant City violated his Fourth Amendment rights when he was seized without probable cause.[2] Defendant City argues that because Plaintiff does not note an authorizing statute in this cause of action, this claim fails.

As correctly noted by Defendant City, an alleged violation of the Constitution does not give rise to a cause of action without an authorizing statute, such as 42 U.S.C. § 1983. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

The complaint contends that the case "arises under . . . 42 U.S.C. § 1983," Compl. at ¶1 (Dkt. #1, filed July 28, 2009). The first cause of action indicates that "Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs . . . ." *Id.* at ¶13. Therefore, the court finds that for purposes of analyzing this motion, Plaintiff has sufficiently alleged an authorizing statute.

The Fourth Amendment to the United States Constitution protects against "unreasonable" searches and seizures. U.S. Const. amend. IV. For the sake of brevity, the court notes that the discussion of probable cause in this section relates to both Plaintiff's claimed violation of Fourth Amendment rights and his state law claims for false arrest and malicious prosecution.

---

[2]The first cause of action includes an alleged Fourteenth Amendment violation. However, as noted above, summary judgment has been granted on this purported constitutional violation.

The City argues that any Fourth Amendment claim fails as Plaintiff has neither sufficiently pleaded nor proved an official policy or custom of the City to hold it responsible for Williams' actions in seeking a warrant for Plaintiff's arrest. *See Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999) (holding that "plaintiffs seeking to impose liability on a municipality must . . . adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights."). Even assuming Williams' actions were improper, which Defendant does not, in any way, concede, Plaintiff provides no evidence to support the allegation in paragraph five of the Complaint that any policy, custom, or practice of the City formed the basis of any allegedly improper action directed against Plaintiff.

Plaintiff's Fourth cause of action is styled as a "violation of due process (42 U.S.C. § 1983)." Compl. at 5. Plaintiff contends that Defendant City "did falsely cause, the Plaintiffs [sic] to be prosecuted without probable cause." *Id*. Indeed, Plaintiff contends that he suffered damages "as a direct result of [Defendant's] malicious prosecution of Plaintiff . . . ." *Id*.

"[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause . . . are analogous to the common-law tort of malicious prosecution." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996)). The viability of such a claim would turn on the facial validity of the warrant.

To show a lack of probable cause, Plaintiff must prove that Williams "deliberately or with a reckless disregard for the truth made material false statements in [her] affidavit, or omitted from the affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's County Md.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal quotations and citations omitted). "Reckless disregard" can be established

by evidence that an officer acted "with a high degree of awareness of [a statement's] probable falsity," that is, "when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of [her] statements or had obvious reasons to doubt the accuracy of the information [s]he reported." *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (internal quotation marks omitted).

Plaintiff simply fails to provide any evidence that Williams either deliberately, or with reckless disregard for the truth, acted with any high degree of awareness of any statement's probable falsity, or made materially false statements in applying for the warrant. Plaintiff's argument and evidence go to the supposed reliability of Doe as a witness, and that Williams could have "talk[ed] to people," Depo. of Gerald Lancaster at 132 (Dkt. # 23-10, filed Apr. 26, 2010), to further her investigation before seeking a warrant. However, none of this is sufficient to show that at the time Williams sought the warrant, she entertained serious doubts as to the truth of her statements or had obvious reasons to doubt the accuracy of the information she reported.[3]

Therefore, Defendant's motion for summary judgment as to Plaintiff's First and Fourth causes of action is **granted**.

### B. SECTION 1985 AND 1986 CLAIMS

Plaintiff's fifth and sixth causes of action relate to, respectively, an alleged conspiracy to violate Plaintiff's civil rights, in violation of 42 U.S.C. § 1985, and an alleged failure to prevent said conspiracy, in violation of 42 U.S.C. § 1986.

---

[3]Moreover, the return of an indictment by the grand jury "infers prima facie probable cause for the prosecution, . . . which, of course may be rebutted by proof of false or fraudulent testimony before the grand jury." *White v. Coleman*, 277 F. Supp. 292, 297 (D.S.C. 1967) (quotations and citations omitted). Conversely, the decision by the solicitor to nolle prosse the indictment "constitutes no evidence of want of probable cause, raises no presumption thereof, and establishes no prima facie case of want of probable cause." *Id*. at 299 (quotation and citation omitted).

For the reasons argued by Defendant, with which this court agrees and adopts, Defendant's motion for summary judgment is **granted** as to Plaintiff's Fifth and Sixth causes of action.

### III. STATE LAW CLAIMS

#### A. FALSE ARREST

A false arrest claim fails when it the arrest in question is made "pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Plaintiff was arrested pursuant to a facially valid warrant, and Plaintiff does not challenge the fact that the warrant was issued or its facially valid. In fact, Plaintiff confirms that he was arrested pursuant to this warrant, although he contends it was "bogus." Compl. at ¶11.

The court views "bogusness" to be a challenge to the validity of the probable cause statement. Many South Carolina cases hold that where a person is arrested by lawful authority but without probable cause, her remedy lies in a malicious prosecution action. *See Bushardt v. United Inv. Co.*, 113 S.E. 637 (S.C. 1922); *Manley v. Manley*, 353 S.E.2d 312 (S.C. Ct. App. 1987); *Watkins v. Mobil Oil Corp.*, 313 S.E.2d 641 (S.C. Ct. App. 1984); *Prosser v. Parsons*, 141 S.E.2d 342 (S.C. 1965).

Defendant City's motion for summary judgment is **granted** as to Plaintiff's Second cause of action.

#### B. MALICIOUS PROSECUTION

To assert a state law claim for malicious prosecution, Plaintiff must show (in addition to a lack of probable cause) that Defendant instituted judicial proceedings (either criminal or civil) with malice and that the proceedings terminated in his favor. *Guider v. Churpeyes, Inc.*, 635 S.E.2d 562, 566 (S.C. Ct. App. 2006) (citing *Parrott v. Plowden Motor Co.*, 143 S.E.2d 607, 608 (S.C. 1965)).

For the reasons noted above, Plaintiff has failed to show any evidence of a lack of probable cause.

Additionally, Plaintiff makes no showing that the proceedings "terminated in his favor." While the charges were nolle prossed, there is no indication that this dismissal was due to anything other than "insufficient evidence at this time." Dkt. # 23-9 (filed Apr. 26, 2010).

Therefore, as Plaintiff does not satisfy the evidentiary standard necessary to proceed with this claim, for the reason discussed above and for the reasons stated by Defendant, Defendant City's motion for summary judgment is **granted** as to Plaintiff's Third Cause of Action.

### C. CIVIL CONSPIRACY

Plaintiff's seventh cause of action is one for an alleged civil conspiracy in contravention of South Carolina law. Defendant City has moved for summary judgment, citing Plaintiff's failure to prove the elements of this state claim. Plaintiff has responded in opposition.

For the reasons stated by Defendant City, with which the court agrees and adopts, Defendant City is granted summary judgment as to this claim.

### IV. CONCLUSION

For the reasons stated above, Defendant City of Columbia's motion for summary judgment is **granted**. Defendant Felicia A. Williams is dismissed from this action without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

June 21, 2010
Columbia, South Carolina